IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CIVIL ACTION NO. _____

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

    v.

INTERSTATE DISTRIBUTOR COMPANY,

    Defendant.

## COMPLAINT

### NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 (the ADA), to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Lori Marshall, Mike Leroy, Joseph Loera, Robert Geisendaffer, Jack Cunningham, Michael Blake, Carolyn Hammett, and other aggrieved individuals who were adversely affected by such practices.  As alleged with greater particularity below, Defendant engaged in a pattern or practice of discrimination by refusing to accommodate employees with disabilities in violation of the ADA.  Specifically, Defendant maintained a 100% return-to-work policy that requires employees to return to work without restrictions. Defendant also maintained a maximum leave policy that required employees to return to work within

twelve weeks or be terminated. Finally, Defendant engaged in pattern or practice of retaliation against employees who requested reasonable accommodations.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3) & § 2000e-6.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Colorado.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (EEOC), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3), 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Interstate Distributor Company ("Defendant" or "Interstate" or "IDC"), a Washington State corporation, has continuously been doing business in the State of Colorado, and has continuously had at least 15 employees.

5. At all relevant times, IDC has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5),

and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, IDC has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## GENERAL ALLEGATIONS

7. More than thirty days prior to the institution of this lawsuit, Lori Marshall, Mike Leroy, Joseph Loera, Robert Geisendaffer, Jack Cunningham, Michael Blake, and Carolyn Hammett (collectively "Charging Parties") filed charges of discrimination with the EEOC alleging violations of Title I of the ADA by Defendant IDC.

8. Charging Parties and a class of employees and former employees have disabilities within the meaning of the ADA, 42 U.S.C. § 12102(2), and are qualified individuals with disabilities under the ADA, 42 U.S.C. 12111(8), and who either sought to return to work with some restrictions or sought leave beyond twelve weeks as a reasonable accommodation from Defendant related to their disabilities.

9. All conditions precedent to the institution of this lawsuit have been fulfilled.

10. Since at least May 2007, Defendant IDC has engaged in unlawful employment practices in violation of Sections 102(a), 102(b)(5)(A), 102(b)(5)(B), and 503 of Title I of the ADA, 42 U.S.C. §§ 12112(a), (b)(5)(A), (b)(5)(B), and 12203.

11. At all relevant times, Defendant has had and continues to have a 100% return-to-work policy that requires employees to return to work without restrictions.

12. At all relevant times, Defendant has had and continues to have a policy that requires employees to return to work within 12 weeks of leave or be terminated.

13. Defendant's policies have no exceptions for qualified individuals with disabilities and does not provide reasonable accommodations for individuals covered under the ADA-to either return to work with restrictions or to have more than 12 weeks leave.

14. On or about October 2005, Lori Marshall was hired by IDC as an Over-The-Road Truck Driver.

15. In October 2006, Ms. Marshall was injured on the job and was granted 12 weeks of FMLA time off.

16. At the end of 2006, Ms. Marshall was released to return to with lifting restrictions.

17. Ms. Marshall requested to return to work at IDC and asked for reasonable accommodations under the ADA, such as being assigned to a dedicated account where drivers do not handle the freight, office work such as dispatch, or team-driving with her husband where he could do the heavy lifting.

18. On April 30, 2007, IDC's Vice-President of Rick Management and Insurance sent Ms. Marshall a letter with a notice of intent to terminate her employment effective May 15, 2007.

19. Ms. Marshall was terminated effective May 15, 2007.

20. The April 30, 2007 letter from IDC to Ms. Marshall further stated *"once you have received a full duty work release you are welcome to re-apply for employment for an open position with our company."*

21. In March 2008, Ms. Marshall applied for an open position as a truck driver with IDC.

22. Ms. Marshall was not hired by IDC.

23. In February 2004, Joseph Loera was hired as a Dedicated Local Truck Delivery Driver for IDC.

24. In 2009, Mr. Loera was diagnosed with prostate cancer.

25. In September 2009, Mr. Loera requested and was granted nine weeks of FMLA time off to have surgery for his prostate cancer.

26. At the conclusion of the nine weeks, Mr. Loera requested and was granted another four weeks of FMLA leave.

27. At the conclusion of the four weeks, Mr. Loera was released to light duty work for 60 days after which he could return to full-duty.

28. Mr. Loera requested that he either be assigned temporary light-duty work or additional time off.

29. IDC rejected both requests and terminated his employment on November 30, 2009, despite the fact that he merely required another 60 days to be able to return to work without any restrictions.

30. Moreover, Mr. Loera could have been accommodated by transferring him temporarily to the Fontana yard where IDC maintains a variety of fleets, some of which did not require physical work.

31. On November 15, 2005, Michael Blake was hired as an Over-The-Road Truck Driver.

32. In September 2009, Mr. Blake requested time off for surgery to replace his pacemaker with a defibrillator.

33. In December 2009, Mr. Blake's FMLA leave was exhausted.

34. Because he was disqualified from driving due to his defibrillator, Mr. Blake requested alternative assignments at IDC. IDC informed him that there were no light-duty assignments and terminated his employment.

35. In August 2005, Carolyn Hammett was hired as a Customer Service Representative on the graveyard shift of the Operations Department.

36. In August 2007, Ms. Hammett disclosed to her supervisor, Tracy Barnes, that she had cancer and requested time off for surgery.

37. Ms. Hammett was told that if she did not return to work within 12 weeks, she would be terminated.

38. Ms. Hammett returned to work at the conclusion of her leave.

39. Ms. Hammett again requested FMLA leave in July 2009 after being hospitalized.

40. Ms. Hammett returned to work two days after being discharged from the hospital.

41. Ms. Hammett requested a reduction in her work hours as a reasonable accommodation under the ADA.

42. Although IDC granted her a reduction in her hours, her work load did not diminish and Ms. Hammett felt compelled to take additional leave.

43. Ms. Hammett was told that if she exceeded her 12 weeks of leave, she would be terminated.

44. Accordingly, Ms. Hammett attempted to return to work. However, due to IDC's failure to accommodate her, Ms. Hammett resigned her employment within a few weeks.

45. In April 2008, Jack Cunningham was hired as an Over-The-Road Truck Driver.

46. In June 2008, Mr. Cunningham suffered a severe shoulder injury while on the job, which required surgery.

47. In September 2008, Mr. Cunningham was released to work with restrictions.

48. IDC offered Mr. Cunningham a light duty position in Tacoma, Washington at minimum wage. Mr. Cunningham, however, resided in Arkansas and therefore declined the light duty position.

49. In October 2008, after exhausting his 12 weeks of leave, Mr. Cunningham was terminated from his employment at IDC.

50. After failing to get hired at other companies, Mr. Cunningham contacted a recruiter who informed him that he was not getting hired because IDC had placed a negative mark on his DAC report indicating that he was terminated for refusing job assignments.

51. In November 2004, Robert Geisendaffer was hired as an Over-The-road Truck Driver.

52. In March 2008, Mr. Geisendaffer had an on-the-job accident that resulted in a separated right shoulder requiring surgery.

53. Mr. Geisendaffer informed IDC when he was released to light-duty work. IDC, however, told him there was no light duty work and that he could not be accommodated.

54. In July 2008, Mr. Geisendaffer was terminated at the conclusion of his 12 weeks of FMLA leave.

55. After Mr. Geisendaffer was released to return to work without restrictions, he regularly re-applied for employment with IDC.

56. IDC refused to rehire Mr. Geisendaffer.

57. On June 30, 2010, Mr. Geisendaffer filed a Charge of Discrimination with the EEOC.

58. In July 7, 2010, IDC finally rehired Mr. Geisendaffer as an Over-The-Road Truck Driver.

59. IDC, however, provided Mr. Geisendaffer with a new-hire date, resulting in the loss of seniority, less pay, and lower benefits.

60. David Bushong was employment with IDC from 1991 until 2001. In September 2008, Mr. Bushong was re-hired as a Local Driver.

61. In 2009, Mr. Bushong was diagnosed with colon cancer.

62. On May 22, 2009, Mr. Bushong requested FMLA leave to undergo surgery for his colon cancer.

63. On or about July 19, 2009, Mr. Bushong informed IDC that he was released to driving duty and that his doctors were working on coordinating his chemotherapy treatments so that they would not interfere with his work.

64. IDC requested additional releases from his physicians stating that the chemotherapy would not interfere with his driving.

65. IDC did not accept the release Mr. Bushong submitted, so Mr. Bushong had to resubmit paperwork from his physicians.

66. When IDC finally accepted his physician's release and approved his return to work, he was informed that his supervisor no longer had any trucks available for him to drive and his employment was terminated.

67. Mr. Bushong filed a charge of discrimination with the Oregon Civil Rights Division.

68. Following his Charge of Discrimination, in August 2010, Mr. Bushong was re-hired by Interstate. Mr. Bushong's time was not bridged and he was assigned a new-hire date resulting in loss of seniority, less pay, and lower benefits.

**FIRST CLAIM FOR RELIEF**
**(Pattern or Practice of Failing to Accommodate Employees**
**42 U.S.C. §§ 12112(a) and (b)(5)(A))**

69. The allegations contained in the foregoing paragraphs are hereby incorporated by reference.

70. Defendant maintained a 100% return to work policy that requires employees to return to work without restrictions.

71. Defendant maintained a policy that requires employees to return to work after 12 weeks of leave or be terminated.

72. Lori Marshall, Mike Leroy, Joseph Loera, Robert Geisendaffer, Jack Cunningham, Michael Blake, Carolyn Hammett, and the other aggrieved individuals for whom the EEOC seeks relief are disabled as defined in the ADA.

73. Lori Marshall, Mike Leroy, Joseph Loera, Robert Geisendaffer, Jack Cunningham, Michael Blake, Carolyn Hammett, and the other aggrieved individuals for whom the EEOC seeks relief were able, with or without reasonable accommodation, to perform the essential functions of their positions at IDC.

74. Defendant failed and refused to provide any accommodation for Lori Marshall, Mike Leroy, Joseph Loera, Robert Geisendaffer, Jack Cunningham, Michael Blake, Carolyn Hammett, and the other aggrieved individuals for whom the EEOC seeks relief.

75. Defendant failed and refused to engage in good faith discussions with Lori Marshall, Mike Leroy, Joseph Loera, Robert Geisendaffer, Jack Cunningham, Michael Blake, Carolyn Hammett, and the other aggrieved individuals for whom the EEOC seeks relief to determine appropriate accommodation.

76. Defendant failed to provide Lori Marshall, Mike Leroy, Joseph Loera, Robert Geisendaffer, Jack Cunningham, Michael Blake, Carolyn Hammett, and the other aggrieved individuals for whom the EEOC seeks relief any reasonable accommodation, as required under Section 102(b)(5)(A) of the ADA.  42 U.S.C. § 12112(b)(5)(A).

77. Defendant's failure to provide Lori Marshall, Mike Leroy, Joseph Loera, Robert Geisendaffer, Jack Cunningham, Michael Blake, Carolyn Hammett, and the other aggrieved individuals for whom the EEOC seeks relief with any reasonable accommodation was intentional.

78. Defendant's failure to provide Lori Marshall, Mike Leroy, Joseph Loera, Robert Geisendaffer, Jack Cunningham, Michael Blake, Carolyn Hammett, and the other aggrieved individuals for whom the EEOC seeks relief any reasonable accommodation was malicious and/or done with reckless indifference to Lori Marshall's, Mike Leroy's, Joseph Loera's, Robert Geisendaffer's, Jack Cunningham's, Michael Blake's, Carolyn Hammett's, and the other aggrieved individuals' for whom the EEOC seeks relief federally protected rights.

79. The effect of the practices complained of in the foregoing paragraphs has been to deprive Lori Marshall, Mike Leroy, Joseph Loera, Robert Geisendaffer, Jack Cunningham, Michael Blake, Carolyn Hammett, and the other aggrieved individuals for whom the EEOC seeks relief of equal employment opportunities and otherwise adversely affect his status as an employee, because of his disability.

### SECOND CLAIM FOR RELIEF
(Pattern or Practice of Disparate Treatment
42 U.S.C. §§ 12112(a) and (b)(5)(B))

80. The allegations contained in the foregoing paragraphs are hereby incorporated by reference.

81. Defendant intentionally terminated Lori Marshall, Mike Leroy, Joseph Loera, Robert Geisendaffer, Jack Cunningham, Michael Blake, and the other aggrieved

individuals for whom the EEOC seeks relief because of their disabilities, and/or because it regarded them as disabled, and/or because of the need to provide reasonable accommodation for their disability, in violation of Sections 102(a) and 102(b)(5)(B) of the ADA.  42 U.S.C. §§ 12112(a) and (b)(5)(B).

82. Defendant intentionally refused to rehire Lori Marshall, Robert Geisendaffer, and the other aggrieved individuals for whom the EEOC seeks relief because of their disabilities, and/or because it regarded them as disabled, and/or because of the need to provide reasonable accommodation for their disability, in violation of Sections 102(a) and 102(b)(5)(B) of the ADA.  42 U.S.C. §§ 12112(a) and (b)(5)(B).

83. Defendant's discriminatory treatment of Lori Marshall, Mike Leroy, Joseph Loera, Robert Geisendaffer, Jack Cunningham, Michael Blake, Carolyn Hammett, and the other aggrieved individuals for whom the EEOC seeks relief was done with malice or reckless indifference to his federally protected rights.

84. The effect of the practices complained of in the foregoing paragraphs has been to deprive Lori Marshall, Mike Leroy, Joseph Loera, Robert Geisendaffer, Jack Cunningham, Michael Blake, Carolyn Hammett, and the other aggrieved individuals for whom the EEOC seeks relief of equal employment opportunities and otherwise adversely affect his status as an employee, because of his disability.

**THIRD CLAIM FOR RELIEF**
**(Pattern or Practice of Retaliation**
**42 U.S.C. §§ 12203)**

85. The allegations contained in the foregoing paragraphs are hereby incorporated by reference.

86. Since at least 2007, Defendant has engaged in unlawful employment practices in the State of Colorado, in violation of Section 503 of the ADA, 42 U.S.C. § 12203 by retaliating against Lori Marshall, Mike Leroy, Joseph Loera, Robert Geisendaffer, Jack Cunningham, Michael Blake, Carolyn Hammett, and other aggrieved individuals.

87. Lori Marshall, Mike Leroy, Joseph Loera, Robert Geisendaffer, Jack Cunningham, Michael Blake, Carolyn Hammett, and the other aggrieved individuals for whom the EEOC seeks relief requested reasonable accommodations under the ADA or otherwise opposed what they reasonably believed was an unlawful discriminatory employment practice based on the ADA.

88. Defendant IDC retaliated against employees who requested reasonable accommodation by, among other things, refusing to rehire them, or refusing to bridge their service when they were re-hired.

89. The effect of the practices complained of in the forgoing paragraphs has been to deprive Lori Marshall, Mike Leroy, Joseph Loera, Robert Geisendaffer, Jack Cunningham, Michael Blake, Carolyn Hammett, and the other aggrieved individuals of equal employment opportunities and otherwise adversely affect their status as employees, because they engaged in protected activity.

90. The unlawful employment practices complained of in the forgoing paragraphs were intentional.

91. The unlawful employment practices complained of in the foregoing paragraphs were done with malice or with reckless indifference to the federally protected rights of Lori Marshall, Mike Leroy, Joseph Loera, Robert Geisendaffer, Jack Cunningham, Michael Blake, Carolyn Hammett, and the other aggrieved disabled individuals.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant IDC, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against employees or applicants because of disability.

B. Grant a permanent injunction enjoining Defendant IDC, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from retaliating against employees or applicants because they request accommodations.

C. Order Defendant IDC to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

D. Order Defendant IDC to make whole Lori Marshall, Mike Leroy, Joseph Loera, Robert Geisendaffer, Jack Cunningham, Michael Blake, Carolyn Hammett, and

the other aggrieved individuals for whom the EEOC seeks relief by providing appropriate back pay and benefits with prejudgment interest, compensatory damages in amounts to be proved at trial, and other affirmative and equitable relief necessary to eradicate the effects of its unlawful employment practices, including reinstatement or front pay in lieu thereof.

E. Order Defendant IDC to make whole Lori Marshall, Mike Leroy, Joseph Loera, Robert Geisendaffer, Jack Cunningham, Michael Blake, Carolyn Hammett, and the other aggrieved individuals for whom the EEOC seeks relief by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in the paragraphs above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant IDC to pay Lori Marshall, Mike Leroy, Joseph Loera, Robert Geisendaffer, Jack Cunningham, Michael Blake, Carolyn Hammett, and the other aggrieved individuals for whom the EEOC seeks relief punitive damages for its malicious or reckless conduct described in the paragraphs above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper.

H. Award the EEOC its costs in this action.

## JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its complaint.

Dated:  September 27, 2012

Respectfully submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

P. David Lopez
General Counsel

Gwendolyn Young Reams
Associate General Counsel

Mary Jo O'Neill
Regional Attorney

Rita Byrnes Kittle
Supervisory Trial Attorney

*/s/ Stephanie Struble*_____
Stephanie Struble
Senior Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Denver Field Office
303 E. 17th Avenue, Suite 410
Denver, CO  80203
(303) 866-1378


NOTE: It is sufficient for service on the EEOC that pleadings, notices, and any other court documents be served on the Trial Attorneys.  Duplicate service is not required on the General Counsel and Associate General Counsel in Washington, D.C.