**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  12-cv-02591-RBJ

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

v.

INTERSTATE DISTRIBUTOR COMPANY,

Defendant.

---

**CONSENT DECREE**

---

**I.  RECITALS**

1.      This matter was instituted by Plaintiff, Equal Employment Opportunity Commission ("Commission" or "Plaintiff" or "EEOC"), an agency of the United States government, alleging that Defendant, Interstate Distributor Company ("Defendant" or "Interstate"), employed policies under which its employees had to return to work to full duty without any medical restrictions ("Full Duty policies") and by a certain time ("12-week maximum leave policy") and that these polices led to qualified individuals with disabilities not receiving reasonable accommodations as required by the Americans with Disabilities Act ("ADA").  Interstate denies any violation of the applicable laws and states that it engaged in an interactive process to identify reasonable accommodations and did provide accommodations to qualified individuals.

2.      On May 22, 2008, Lori Harris-Marshall filed a Charge of Discrimination with the EEOC alleging that Interstate failed to accommodate her after she was injured on the

job and would not allow her to return without a "full duty work release." Subsequently, eight additional individuals filed charges of discrimination alleging similar allegations that Defendant employed policies that required that employees be 100% healed and able to perform 100% of their job duties before they could return to work and that the maximum amount of leave the company would grant employees was the 12 weeks of leave they were entitled to under the FMLA.  Before filing suit, the EEOC investigated this matter on a class basis and determined that as many as 277 former employees may receive relief as under this Consent Decree.

3.      The Parties signatories hereto are the Plaintiff EEOC and the Defendant Interstate Distributor Company.

4.      The EEOC and Interstate (collectively, the "Parties"), desiring to settle this action by an appropriate Consent Decree ("Decree"), agree to the jurisdiction of this Court over the Parties and the subject matter of this action, and agree to the power of this Court to enter a Consent Decree enforceable against Defendant.

5.      As to the issues resolved, this Decree is final and binding upon the Parties and their successors and assigns.

6.      This Decree does not constitute an adjudication on the merits of the EEOC's case, and it shall not be construed as an admission by Interstate of any discriminatory conduct.  By entering into this Decree, Interstate denies and does not admit, either expressly or implicitly, that is has violated any federal, state, or local law, or that it has any liability in this civil action or any of the charges of discrimination identified in Paragraph 10.  Interstate maintains and has maintained that it provides equal

employment opportunities for all employees and has entered into this Decree to avoid the disruption, costs, delay, and expense of litigation.

7.      For the purpose of amicably resolving disputed claims, the Parties jointly request this Court to adjudge as follows:

**IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

### II.  JURISDICTION

8.      The Parties stipulate to the jurisdiction of the Court over the Parties and subject matter of this action, and have waived the entry of findings of fact and conclusions of law.

9.      The duration of this Decree shall be three years from the date of signing by the Court.

### III.  ISSUES RESOLVED

10.     This Decree resolves all claims that were or could have been alleged in the above-captioned lawsuit.  In addition, this Decree constitutes a complete resolution of all of the Commission's claims of unlawful employment practices under the ADA that were raised in Charge of Discrimination Numbers EEOC Charge Numbers: 541-2008-01806, 541-2010-01680, 541-2010-01674, 541-2010-01921, 38F-2010-00074, 541-2010-01752, and 541-2010-01658.

11.     The Commission shall not use any closed, dismissed, pending or future charge as a basis to commence a civil action regarding allegations that Defendant has maintained and administered full-duty or maximum leave policies that violate the ADA

where the alleged discriminatory conduct occurred prior to the effective date of the instant Decree.

12.     Defendant and its officers, agents, employees, successors, and all other persons in active concert or participation with any of them will not interfere with the relief herein ordered, but shall cooperate in the implementation of this Decree.

13.     Aggrieved Individuals entitled to participate in this settlement consist of individuals who were employed from January 1, 2007 to the present and who were not accommodated during their employment with Defendant or who were terminated in lieu of accommodation who the EEOC determines to be qualified to participate.

14.     Within 30 days of the Court's Entry of this Decree, Defendant agrees to provide EEOC with an excel database a list of all employees disqualified from employment for illness or injury-related reasons from January 1, 2007 to the present, with name, social security number, last known contact information, position with company, date of termination (if applicable); dates of all FMLA leave, and rate of pay at Interstate.  The employee information produced pursuant to this paragraph is private personnel information that will be kept confidential and will not be disclosed except as necessary to comply with the provisions of this Consent Decree.  If the EEOC receives a Freedom of Information Act ("FOIA") request for this employee information, the EEOC will withhold production of this information pursuant to any and all exemptions allowed for by FOIA.

## IV.   MONETARY RELIEF

15.    Judgment is hereby entered in favor of the Commission and against Defendant according to the terms of this Decree.

16.    Defendant will not condition the receipt of individual relief upon any Charging Party or Aggrieved Individual's agreement to: (a) maintain as confidential the terms of this Decree or the facts of the case; (b) waive his or her statutory right to file a charge with any federal or state anti-discrimination agency for claims that were not the subject of their previous EEOC charges; or (c) promise not to reapply for a position at Defendant.  The receipt of individual relief is conditioned upon any Charging Party or Aggrieved Individual's agreement to execute the Release, which releases and waives the individual's right to recover for any claims that were asserted or could have been asserted related to Defendant's failure to make reasonable accommodation and/or otherwise arising under the ADA or corresponding state anti-discrimination laws. To resolve these claims, Defendant shall pay a total of $4,850,000 which shall be distributed as determined by the EEOC to Charging Parties and other Aggrieved Individuals.

17.    Defendant agrees to pay Charging Parties and Aggrieved Individuals in accordance with a final distribution list(s) to be provided by the EEOC to Defendant. Within ten (10) days of being provided the distribution list, Defendant will send payments to the class members at the addresses provided by EEOC in the final distribution list. The monetary awards shall be allocated 25% to back pay and 75% to compensatory damages, and the Parties agree that 25% to back pay and 75% to

compensatory damages is fair and accurate considering the facts and circumstances

involved in this settlement.   Defendant shall issue an IRS Form W-2 to each class

member with regard to the back pay component of the monetary award, and an IRS

Form 1099 to each class member with regard to the compensatory damages

component of the monetary award.  Defendant shall be responsible for withholding

Defendant's appropriate tax withholding (which amount is not included in the

$4,850,000 amount above) and issuing all appropriate tax documents.

18.     Within ten (10) business days after payments are mailed to all payees, the

Defendant shall submit to EEOC a copy of the checks issued.

## V.     CLAIMS PROCEDURE

19.     The EEOC will provide Defendant with the payment amounts for the Charging

Parties and Defendant shall issue those payments within 10 days of receiving the

information from the EEOC regarding the amounts and addresses where payments

should be made.

20.     With respect to the remaining Aggrieved Individuals, the EEOC will first make a

good faith attempt to provide notice to all potential Aggrieved Individuals provided by

Defendant.  The EEOC will determine eligibility and allocate the settlement funds

among the eligible claimants.  The EEOC will mail notices to the Claimants stating their

claim share and notifying the Claimant that they must execute and deliver to the EEOC

a Release (Exhibit B) which will be become effective upon their receiving their claim

share.   Once the EEOC has received all of the Claim Forms and Releases, it will

submit to Defendant all of the releases and a spreadsheet detailing the amounts to be

paid to the claimants, including the address to which the payment should be sent.  The

EEOC may implement this procedure in the manner it determines to be the most fair,

effective, and expedient manner.  In the event that any claimant fails to return a signed

release to accept their claim share or any claimant fails to cash their check within 120

days after it has been distributed, the remaining amount from the Settlement Fund shall

be paid to the following non-profit disability rights organization: The Work and Education

Center of The Tacoma Area Coalition of Individuals with Disabilities.

21.     Defendant must issue the payments to the Claimants in the amounts determined

by the EEOC within 10 days of receiving the spreadsheet from EEOC.  Defendant shall

be responsible for issuing related tax documents and withholding all applicable taxes.

## VI.  EQUITABLE RELIEF

### *Scope*

22.     The terms of this Decree shall apply to all of Defendant's facilities.

### *Injunctive Relief*

23.     Defendant, its officers, agents, successors, and other persons in active concert

or participation with it, or any of them, are, for the duration of this Decree, enjoined from

engaging in any employment practice which discriminates on the basis of disability.

24.     Defendant, its officers, agents, successors and other persons in active concert or

participation with them, or any of them, are, for the duration of this Decree, enjoined

from engaging in reprisal or retaliation of any kind against any person because of such

person's opposition to any practice made unlawful under the ADA.  Defendant shall not

retaliate against a person because such person brings an internal complaint of

discrimination with the Defendant; because such person files or causes to be filed a charge of discrimination with the Commission, or whose statements serve as the basis of a charge; or because such person testifies or participates in the investigation or prosecution of a violation of these statutes.  Defendant shall not retaliate in any manner against individuals identified as witnesses in this action or who assisted in the investigation giving rise to this action. Nor shall Defendant retaliate against any such persons identified as a witness or possible witnesses of discrimination in future investigations or proceedings.

***Anti-discrimination Policy***

25.     Within one hundred twenty (120) days of the effective date of this Decree, Defendant shall review Defendant's existing policies and procedures, and develop and implement new and/or revised policies and procedures to ensure equal employment opportunities are afforded to employees with disabilities. During the second and subsequent years of this Decree, Defendant may develop additional policy revisions to ensure equal employment opportunities.

26.     Within one hundred twenty (120) days of the effective date of this Decree, Defendant shall:

A. Develop and implement policies and procedures that prevent discriminatory decision-making regarding: (a) employees' requests for reasonable accommodations; and (b) resignation and discharge of qualified individuals with disabilities;

B.  The Anti-Discrimination Policy shall contain a description of the consequences, up to and including termination, that shall be imposed upon violators of the policy and an assurance of non-retaliation against persons and witnesses who report to Defendant that they believe they or other employees have been subjected to unlawful discrimination and/or who have asked for reasonable accommodations;

C.  Notify all employees in writing within 30 days of the development of the new policies that Defendant does not have Full Duty or Maximum Leave policies;

D.  Notify all employees in writing within 30 days of the development of the new policies that Defendant does not have a policy whereby an employee must return to work after twelve (12) weeks or after achieving Maximum Medical Improvement (MMI), rather that at that point in time, Interstate will engage in an interactive process to determine whether additional leave is a reasonable accommodation or poses an undue hardship or whether there are any other potential reasonable accommodations, including the granting of additional leave;

E.  Defendant will make it clearly known in writing within 30 days of the development of the new policies that it accommodates employees and employment applicants with disabilities.

27.  Should Defendant amend its existing policies ensuring that equal employment opportunities are provided to all individuals, or new laws require Defendant to amend said policies, Defendant will amend its applicable policies accordingly and notify the EEOC of the amendment(s) within fourteen (14) days of the implementation of the modified policies.

***Reasonable  Accommodation Guidance***

28.     Defendant shall adopt and maintain a written policy that addresses how reasonable accommodations will be provided during the course of employment, which shall include the following minimum provisions:

        a.      a provision requiring that the Defendant engages with employees in an interactive process to make individualized determinations about accommodations;

        b.      a provision ensuring that employees are not told that they may not return to work unless they are released to work without any medical restrictions;

        c.      a provision that informs employees who they should contact to request a reasonable accommodation, including contact information for each such person.

29.     The reasonable accommodation policy must be published to all employees in accordance with the Anti-Discrimination Policy provisions in Paragraph 26.  Within forty-five (45) days of the Court's entry of this Decree, Defendant shall forward a copy of the Reasonable Accommodation Guidance to the Commission and a letter indicating that the policy has been distributed in writing to all employees.

***Training***

30.     Defendant agrees to conduct EEO training for all non-supervisory, supervisory, and human resource employees on an annual basis. The purpose of this training is to educate employees on discrimination covered by the ADA. The training will define conduct which violates the ADA and explain the responsibilities of employees and management in maintaining a work environment free of discrimination and retaliation pursuant to the requirements of ADA, and explain the procedure for how employees

may complain if they believe they have been discriminated against. In addition, the training will explain policies related to compliance with this Decree, such as requests for reasonable accommodations under the ADA. All training under this Paragraph 30 shall be at Defendant's selection and expense. The trainer or qualified professional shall be an outside vendor, not employed by Defendant, selected by Defendant and subject to review by the EEOC. The Human Resources and Manager training must be live, however, the supervisor and employee training can be conducted in-person, by video, by webinar, by audio, or by any combination of these methods or another similar method. The training will be conducted as follows:

30.1. **Departmental Supervisors and Managers**: Defendant agrees to conduct ADA training on an annual basis for at least two (2) hours for the first year and one (1) hour for the subsequent two (2) years for its Departmental Supervisors and Managers.

30.2. **Human Resource Employees:** Defendant agrees to conduct ADA training on an annual basis for at least four (4) hours for the first year and two (2) hours for the subsequent two (2) years to its Human Resource ("HR") employees. Training for HR employees will additionally focus on what is necessary to conduct a full and fair investigation of employee complaints of discrimination.

30.3. **Non-Supervisory Employees:** Defendant agrees to conduct ADA training on an annual basis for at least one-half hour to all non-supervisory employees.

**30.4.**  The training may also include information about other laws prohibiting

discrimination and harassment or other topics chosen by Interstate; however, the

periods of time outlined above in Paragraphs 30.1-30.4 must relate to ADA

training.

**30.5.**  The ADA trainings will focus on

    A.  Discrimination based on disability,

    B.  Employees' available avenues to complain of discrimination,

    C.  Employees' available avenues to request reasonable

       accommodations,

    D.  Explanation of the interactive process for assessing reasonable

       accommodations, and

    E.  Training for supervisory, management, and HR employees will focus

       on their obligation to prevent and promptly correct harassing and

       retaliatory conduct and how to properly respond to requests for

       accommodations.

31.  Defendant agrees that the first such training session for each employee group

identified in Paragraph 30 above, will take place within one hundred and twenty (120)

days after the Court's entry of this Decree.

***Notice Posting***

32.  Within five (5) business days after the Court's entry of this Consent Decree,

Defendant shall post in conspicuous areas readily accessible to all employees (such as

the employees' lounge or break room) and on Defendant's intranet, the Notice attached

as Exhibit A to this Decree.  The Notice shall be the same type, style, and size as set

forth in Exhibit A.  The Notice shall remain posted for the duration of this Decree.  If

Defendant observes that the Notice is covered, removed, defaced or otherwise altered,

it will take action to replace the Notice, but the Defendant is not required to protect

against or otherwise monitor any activity that results in the covering, removal, defacing

or other alterations of the Notice.  Defendant shall certify to the Commission, in writing,

within thirty (30) days of entry of this Decree that the Notice has been properly posted.

## VII.    EEO Compliance and Discipline

33.    Defendant agrees that if any Interstate employee knowingly violates Interstate's

Anti-Discrimination Policy or Reasonable Accommodation Guidance, he or she shall be

subject to discipline, up to and including, termination.  If such employee is not

terminated, the discipline may be commented upon in that employee's performance

evaluation.

### Internal Monitor

34.    During the term of the Decree, Defendant shall appoint a qualified professional to

perform the following responsibilities:

> A. Evaluate whether Defendant has taken appropriate and reasonable action
> to protect disabled employees from disparate treatment, and retaliation;

> B. Assist with creating a plan to ensure disabled employees are provided
> reasonable accommodations;

> C. Report to and meet with the EEOC every six months to:

> > (a)    Review Defendant's compliance with this Decree;

      (b)     Evaluate the effectiveness of Defendant's ADA policies

   D.  Cooperation:  The qualified professional shall, to the maximum extent

     practicable, work cooperatively with EEOC.

The Monitor may be an employee of Interstate or Interstate may choose to engage an

outside professional.

### Record Keeping and Reporting Provisions

35.   For the duration of this Consent Decree, Defendant shall maintain such records

as are necessary to demonstrate its compliance with this Decree, including but not

limited to the documents specifically identified below. For the duration of the Decree and

for one year following termination of the Decree, Defendant shall retain the following

hard-copy (paper or fiche) and computer records relating to activities during the duration

of the Decree:

   A.  All records regarding employees' requests for leave under the Family

     Medical Leave Act ("FMLA");

   B.  All records regarding employees' requests for FMLA extensions;

   C.  All records regarding employees' requests for reasonable

     accommodations;

   D.  All records regarding reasonable accommodations granted; and

   E.  All complaints of discrimination based upon disability and all records of the

     investigation of those complaints.

     The paragraph above requires the retention of existing documents and records,

and documents and records that are hereinafter created and maintained in the normal

course of Defendant's business activities.  It imposes no requirement that Defendant create documents or records of a type not already being created or maintained.

36.     Information Requests - The EEOC shall have the right to make requests for information from Defendant which demonstrates compliance with the Decree over the duration of the Decree.  Defendant shall comply with a request for such information within thirty (30) days of the request

37.     **Reporting Requirements:**  Defendant shall provide semi-annual reports for each six-month period following the entry of the Decree.  The reports shall be due thirty (30) days following the respective six-month period, except the final report which shall be submitted to the Commission at least 8 weeks prior to the date on which the Consent Decree is to expire.

38.     For the semi-annual reports described in Paragraph 36, Defendant shall provide to the EEOC the following information (in electronic format):

A. **Terminations**:  A list of every employee terminated or otherwise disqualified from employment during the three (3) year reporting period for reasons related to injury or illness. Include: name, position, termination date and reason for termination, home address and phone number.

B. **FMLA Extensions**:  All requests for FMLA extensions; include: employee name, position, reason for the extension request; whether the extension was granted; (if not granted explain why);

C. **Requests for Accommodations**:  All requests for reasonable accommodations; include: employee name, position, requested accommodation; whether the accommodation was granted; (if not granted explain why);

D. **Disability Complaints**:  All complaints of discrimination based upon disability include: employee name; position of individual making complaint; description of complaint or copy of complaint; Name, and position of individual(s) who conducted investigation; copy of all notes, memorandums, e-mails and documentation used and/or generated in the investigation to the extent such items are not privileged pursuant to the attorney client privilege and/or work product doctrine; and any actions taken by Defendant in response to the complaint.  Provide copies of written document(s) which reflect the complaint and the action taken as a result of the complaint;

E. **Training**:  For each training program required under Paragraph 30, and conducted during the reporting period, Defendant shall submit a registry of attendance / participation.  For each training program conducted by a vendor not affiliated with Defendant, Defendant will identify the vendor and provide a copy of the program agenda.

F. **Posting of Notice**:  Defendant shall recertify to the Commission that the Notice required to be posted under Paragraph 32 of this Consent Decree has remained posted during the reporting period, or, if removed, was promptly replaced.

G. **Policy Review**:  Defendant shall report on the status of the EEO policy review process required under Paragraph 25 above.

H. **Accommodation Guidance**:   Defendant shall report on the status of the Accommodation Guidance required under Paragraphs 28 and 29, above.

## IX.  RETENTION OF JURISDICTION AND ENFORCEMENT OF DECREE

39.    This Court shall retain jurisdiction of this cause for purposes of compliance with this Decree and entry of such further orders or modifications as may be necessary or appropriate to effectuate equal employment opportunities for employees.

40.    There is no private right of action to enforce Defendant's obligations under the Decree and only the Commission, or its successors or assigns may enforce compliance herewith.

41.    The Commission may petition this Court for compliance with this Decree at any time during which this Court maintains jurisdiction over this action.  Should the Court determine that Defendant has not complied with this Decree, appropriate relief, including extension of this Decree for such period as may be necessary to remedy its non-compliance, may be ordered.

42.    In the event that either party believes that the other party has failed to comply with any provisions of the Decree, the complaining party shall notify the alleged non-complying party in writing of such non-compliance and afford the alleged non-complying party fourteen (14) days to remedy the non-compliance or satisfy the complaining party that the alleged non-complying party has complied.  If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within fourteen (14) days, the complaining party may apply to the Court for appropriate relief.

43.     Absent extension, this Decree shall expire by its own terms at the end of

thirty-six (36) months from the date of entry without further action by the Parties.

## X.  EEOC AUTHORITY

44.     With respect to matters or charges outside the scope of this Decree, this Decree

shall in no way limit the powers of the Commission to seek to eliminate employment

practices or acts made unlawful by any of the statutes over which the EEOC has

enforcement authority, and do not arise out of the claims that were asserted or could

have been asserted in this lawsuit under the ADA or any comparable state anti-

discrimination law.

## XI.  COSTS AND ATTORNEY'S FEES

45.     Each party shall be responsible for and shall pay its own costs and attorney's

fees.

## XII.     MISCELLANEOUS

46.     Nothing in this Decree shall be deemed to create any rights on the part of non-

parties to enforce this Decree.  The right to seek enforcement of the Decree is vested

exclusively in the Parties.

47.     Nothing in this Decree, nor any statements, discussions, or communications, nor

any materials prepared, exchanged, issued or used during the negotiations leading to

this Decree, shall be admissible in any proceeding of whatever kind or nature as

evidence of disability discrimination, or as evidence of any violation of the ADA, the

common law of any jurisdiction, or any federal, state, or local law.  Notwithstanding the

foregoing, the Decree may be used by either Party in any proceeding in this Court to

enforce or implement the Decree or any orders or judgments of this Court entered in

conjunction with the Decree.

## XIII.   NOTICE

48.     Unless otherwise indicated, any notice, report, or communication required under

the provisions of this Decree shall be sent by certified mail, postage prepaid, as follows

> Rita Byrnes Kittle
> Supervisory Trial Attorney
> EEOC Denver Field Office
> 303 E. 17th Avenue, Suite 410
> Denver, CO  80203
> rita.kittle@eeoc.gov

## XIV.  SIGNATURES

49.     The parties agree to the entry of this Decree subject to final approval by the

Court.


SO ORDERED this 8th day of November, 2012.

BY THE COURT:

_____
United States District Judge

BY CONSENT:

EQUAL EMPLOYMENT OPPORTUNITY                    INTERSTATE DISTRIBUTOR COMPANY
COMMISSION

By:   _____          By:   _____
      Mary Jo O'Neill                        Renee Trueblood
      Regional Attorney                      Senior Vice President Human
                                             Resources & Corporate Counsel

Date:  _____          Date:  _____


APPROVED AS TO FORM:


_____
Stephanie Struble
Trial Attorney
EEOC Denver Field Office
303 E. 17th Avenue, Suite 510
Denver, CO  80203
Attorneys for Plaintiff EEOC


_____
Steven W. Moore
Jessica D. Tsuda
Ogletree, Deakins, Nash, Smoak &
Stewart, P.C.
1700 Lincoln Street, Suite 4650
Denver, CO  80203
Tel:  (303) 764-6800
Fax: (303) 831-9246
steven.moore@ogletreedeakins.com
jessica.tsuda@ogletreedeakins.com

Attorneys for Defendant

EXHIBIT A
**NOTICE TO EMPLOYEES**

This Notice is being posted by agreement between Interstate Distributor Company ("Interstate") and the Equal Employment Opportunity Commission (EEOC).

**Unlawful Disability Discrimination:** Under federal law, it is unlawful for an employer to discriminate against any employee or applicant for employment based on, among other things, disability. In other words, an employer may not make any decision regarding job application procedures, hiring, promotion, discharge, pay, job training, and other terms, conditions, and privileges of employment based on disability, nor may an employer harass an employee because of disability or tolerate workplace harassment based on disability.

**Reasonable Accommodation for Disabilities:** Under federal law, an employer is required to provide reasonable accommodation for people with disabilities if some accommodation can be provided which will enable the person to perform essential job functions and such accommodation can be provided without causing undue hardship to the employer. When an employee requests reasonable accommodation for disability, the employer is required to engage with the employee in an interactive process to determine what, if any, accommodation is appropriate under the unique circumstances of the requesting employee. Failure to provide reasonable accommodation is a form of unlawful disability discrimination. You do not have to be 100% healed to be able to return to your job, so long as there is a reasonable accommodation that can be made to your job so that you can perform the essential functions of that position. Interstate does not have a 100% return-to-work policy and you should inform Interstate if you are able to return to your job, even if you have restrictions.

**Requests for Medical Information:** Generally, Interstate can only ask medical questions or require a medical exam of its employees if it needs medical documentation to support an employee's request for an accommodation or if Interstate believes that an employee is not able to perform a job successfully or safely because of a medical condition. If you have been absent from work due to illness or injury, Interstate may require that you provide a doctor's note indicating that you are able to return to work. Interstate may not require that you or your doctor explain the medical reason for your absence. Rather, Interstate is entitled to know that you are physically able to return to work and any medical restrictions on your ability to perform your job functions. If you have any medical restrictions, it is imperative that Interstate know about those restrictions so that Interstate can work with you to try to accommodate your restrictions. If you have medical restrictions or otherwise ask for reasonable accommodation for a disability (see prior paragraph), it may be necessary for Interstate to obtain medical records or talk to your doctor in order to determine what accommodations may be appropriate. If Interstate requests medical information in order to determine what accommodation may be appropriate, your medical information must be kept confidential and cannot not be stored in your personnel file. Your supervisor should know your medical restrictions but not the underlying medical condition.

**Unlawful Discrimination and Retaliation:** In addition to disability discrimination, it is also unlawful to make employment decisions based on race, color, religion, sex (including pregnancy), national origin, age (over 40), or genetic information. It is also unlawful to retaliate against any individual because he or she has opposed what he or she believes in good faith to be unlawful discrimination, or has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing regarding such alleged unlawful discrimination.

**Interstate Policies:** Under Interstate Policies, employees are entitled to work in an environment free of discrimination or harassment based on disability, race, color, religion, sex (including pregnancy), national origin, age (over 40), or genetic information. Similarly, employees are encouraged to report any conduct believed to be unlawful discrimination or harassment, and Interstate Policies specifically forbid any retaliation against an employee who reports such conduct.

**Reporting Improper Conduct:** If you are aware of any events, conduct, or information, which you believe may indicate some unlawful discrimination (including failure to provide reasonable accommodation for disabilities), harassment, hostile work environment, or retaliation, it is very important that you report the information so that steps may be taken to investigate and remedy any unlawful discrimination (including failure to provide reasonable accommodation for disabilities), harassment, hostile work environment, or retaliation which has been found to exist. You may report such matters to Interstate, the EEOC, or the agency of your state that enforces the state's anti-discrimination laws, as set forth below.

**Reporting to Interstate:** Within Interstate, you may make such a report to your supervisor, manager, superintendent, or human resources personnel. By reporting in this manner, you do not waive any right to file a charge of discrimination with EEOC or the agency of your state that enforces the state's anti-discrimination laws.

**Reporting to the EEOC:** EEOC is the federal agency responsible for enforcing federal laws prohibiting employment discrimination based on race, color, religion, sex (including pregnancy), national origin, age (over 40), disability, or genetic information. You may directly contact the Denver Field Office of EEOC, located at 303 East 17th Avenue, Suite 410, Denver, Colorado 80203, at any of the following numbers:

| | |
|---|---|
| Telephone: | 303.866.1300 |
| TTY: | 303.866.1950 |
| Fax: | 303.866.1085 |
| Toll Free: | 1.800.669.4000 |

This Notice shall remain posted through June 2015.

_____          _____
Date                                              Interstate

**EXHIBIT B**

**RELEASE AND WAIVER**

In consideration for the $ _____ paid to me by Interstate Distributor Company, in connection with the resolution of <u>EEOC v. Interstate Distributor Company</u>, case number 12-cv-02591-RBJ, I waive my right to recover for any federal or state claims of disability discrimination arising under the Americans with Disabilities Act and/or under a state anti-discrimination law that were asserted or could have been asserted against Interstate Distributor Company at the time or prior to the date of this Release and Waiver, and which were subject to the Consent Decree in <u>EEOC v. Interstate Distributor Company</u>, case number 12-cv-02591.

Date: _____                    Signature: _____